**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4335**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

BRANDON SCOTT SACKRIDER,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, District Judge.  (5:14-cr-00026-RLV-DSC-1)

Submitted:  February 16, 2016          Decided:  March 2, 2016

Before GREGORY and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Mark A. Jones, BELL, DAVIS & PITT, PA, Winston-Salem, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Scott Sackrider pled guilty in accordance with a written plea agreement to conspiracy to distribute and to possess with intent to distribute heroin and Xanax. He was sentenced to 188 months in prison. He now appeals. His attorney filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), questioning the voluntariness of the plea but stating that there are no meritorious issues for appeal. Sackrider filed a pro se brief claiming that he was incorrectly sentenced as a career offender. We ordered supplemental briefing on this issue. After Sackrider's attorney responded to our order, the United States moved to dismiss the appeal on the basis of a waiver-of-appellate-rights provision in Sackrider's plea agreement. We grant the motion to dismiss the appeal.

Upon review of the record, including the plea agreement and the transcripts of the Fed. R. Crim. P. 11 proceeding and the sentencing hearing, we conclude that Sackrider's waiver was knowing and voluntary. The record reflects substantial compliance with Fed. R. Crim. P. 11. Sackrider represented to the court that he was satisfied with the services of his attorney, with whom he had discussed his case and reviewed the plea agreement. Sackrider stated that the factual basis for the plea was accurate, he was guilty, and the plea was not the result of threats or promises other than those promises contained in the plea agreement.

Notably, the court questioned Sackrider about the waiver provision, which was clearly set forth in a separate paragraph of the plea agreement. Sackrider stated that he understood that he was waiving his appellate rights.

We further find that the issue Sackrider seeks to raise on appeal—whether, under Johnson v. United States, 135 S. Ct. 2551 (2015), a prior North Carolina conviction qualified as a predicate felony for career offender status—falls within the scope of the waiver.* Accordingly, we grant the motion to dismiss.

Pursuant to Anders, we have reviewed the entire record for meritorious nonwaivable issues, see United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005), and have found none. We therefore dismiss the appeal. This court requires that counsel inform Sackrider, in writing, of his right to petition the Supreme Court of the United State for further review. If Sackrider requests that such a petition be filed, but counsel believes that the petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Sackrider. We dispense with oral argument because the facts and legal contentions

---

* Sackrider agreed to waive his right to appeal both his conviction and sentence, with certain exceptions not relevant here.

3

are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED